# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DEVERICK SCOTT                                                                                                    PLAINTIFF
ADC #131042

v.                                            4:22-cv-00155-LPR-JJV

ARKANSAS DIVISION OF CORRECTION; *et al.*                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

Deverick Scott ("Plaintiff") is a prisoner in the Varner Super Max Unit of the Arkansas Division of Correction. Since 2007, he has filed more than thirty *pro se* actions in this District, and he has accumulated at least three strikes as defined by 28 U.S.C. § 1915(g).[1] In February 2022, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants failed to take adequate Covid-19 precautions in 2020. (Doc. 1.) Clearly allegations about what occurred two years ago do not satisfy the imminent danger exception to the three-strikes rule in § 1915(g).

---

[1] *Scott v. Hobbs*, 2:12-cv-00245-SWW (E.D. Ark. Apr. 17, 2013); *Scott v. Gibson*, 5:18-cv-00150-JM (E.D. Ark. Sept. 25, 2018); *Scott v. Payne*, 4:20-cv-00315-SWW (E.D. Ark. May 14, 2020).

Plaintiff also made several vague and conclusory claims about conditions he is currently enduring. After carefully explaining why those allegations did not chin the bar of imminent danger, I denied Plaintiff's Application to Proceed *In Forma Pauperis*, on March 14, 2022, gave him twenty-one days to pay the filing fee in full, and warned him I would recommend dismissal if he failed to do so. (Doc. 5.) The deadline has now passed. Plaintiff, who is an experienced litigator, has not paid the filing fee or attempted to amend his allegations to satisfy the imminent danger exception. Accordingly, Plaintiff's Complaint should be dismissed without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b). If Plaintiff wants to continue with this case, he should pay the $402 fee in full with his objections.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of April 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE